UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-284-F2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| LINDA DAWSON, ) | |
| Defendant. ) | |

This matter is before the court on Defendant Linda Dawson's Motion to Sever Trials [DE-57]. The Government has responded in opposition [DE-58] and the matter is now ripe for disposition.

## PROCEDURAL AND FACTUAL HISTORY

Dawson is named with James Rodrequias Pressley in a thirteen-count superseding indictment charging various narcotics distribution and money laundering offenses. Dawson is charged in only counts seven, eight, and nine with money laundering offenses. Pressley is charged with a number of narcotics distribution offenses in addition to the money laundering counts. Finally, Pressley is named individually in counts ten through thirteen with various money laundering offenses. The Government has provided approximately 2,000 pages of discovery material and twelve compact discs containing recorded jail phone calls between the co-defendants.

After reviewing the discovery material, counsel uncovered statements Pressley provided to federal agents in which he denied depositing proceeds from narcotics sales into Dawson's bank account. For example, Dawson indicates that Pressley told federal agents on multiple

occasions that he "did not know" who placed the deposits in issue into Dawson's bank account. In her own interviews with federal agents, Dawson indicated her family members provided the money for the deposits. Dawson alleges that she was not aware of Pressley's alleged drug activities during the time frame alleged in the indictment.

## ANALYSIS

Dawson asserts that absent severance, she will be denied the benefit of Pressley's exculpatory testimony. Dawson argues that "the only two people who know whether or not Mr. Pressley and Ms. Dawson agreed to run proceeds from drug sales through her bank account or whether they agreed for her to purchase a vehicle in her name for Mr. Pressley in an attempt to launder drug proceeds is Ms. Dawson and Mr. Pressley." Mem. in Support of Mot. to Sever Trials [DE-57-1] at 6. Furthermore, Dawson contends severance is required to prevent a conviction based on prejudicial spillover from evidence against her co-defendant.

Federal Rule of Criminal Procedure 8(b) provides that "[t]he indictment or informatoin may charge 2 or more defendants if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). The Fourth Circuit Court of Appeals has observed that "[b]arring special circumstances, individuals indicted together should be tried together." *United States v. Brugman*, 655 F.2d 540, 542 (4th Cir. 1981). There is a presumption that co-defendants will be tried jointly, and the presumption applies equally to conspiracy cases. *See Zafiro v. United States*, 506 U.S. 534, 537-38 (1993).

Federal Rule of Criminal Procedure 14(a) permits severance "[i]f the joinder ... appears to prejudice a defendant...." Fed. R. Crim. P. 14(a). In making the severance determination

2

generally, the focus is on whether the failure to sever will result in the compromise of a specific trial right of one of the defendants or prevent the jury from making a reliable judgment concerning guilt or innocence. *Zafiro*, 506 U.S. at 539. The mere facts that severance might result in a better chance of acquittal, or that the evidence against one defendant is stronger or more inflammatory than as to another, are insufficient bases for ordering separate trials. *See United States v. Strickland*, 245 F.3d 368, 384 (4th Cir. 2001); *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995) (internal citations omitted).

In addition to the above framework, the Fourth Circuit has provided a test for analyzing severance requests based on the need for a co-defendant's testimony:

> Where the motion for severance is based, as here, on the asserted need for a co-defendant's testimony, the moving defendant must establish (1) a bona fide need for the testimony of his co-defendant, (2) the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege, (3) the substance of his co-defendant's testimony, and (4) the exculpatory nature and effect of such testimony. Given such a showing, the court should (1) examine the significance of the testimony in relation to the defendant's theory of defense; (2) assess the extent of prejudice caused by the absence of the testimony; (3) pay close attention to judicial administration and economy; (4) give weight to the timeliness of the motion, and (5) consider the likelihood that the co-defendant's testimony could be impeached.

*United States v. Parodi*, 703 F.3d 768, 779 (4th Cir. 1983) (emphasis supplied) (citations omitted). The phrase "must establish" means that the defendant requesting severance bears the burden of independently establishing each of the four factors. *United States v. Medford*, 661 F.3d 746, 754 (4th Cir. 2011). Where one of the factors is not established, the motion to sever should be denied. *Id.* Where, as here, a defendant seeks severance, in part, on the "asserted need for a co-defendant's testimony[,]" it is an argument "far less likely to succeed" than other potential grounds. *Reavis*, 48 F.3d at 767.

3

The court may proceed directly to the second factor of the *Parodi* test: the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege. *Parodi*, 703 F.2d at 779; *Medford*, 661 F.3d at 754 ("The district court, upon concluding that the second *Parodi* factor had not been satisfied, therefore was not required to examine the remaining factors in conducting its *Parodi* analysis."). As the *Parodi* court explained, "the requirement of a showing of willingness to testify if there is a severance is not met when that offer to testify is further conditioned on the co-defendant's case being tried first." *Parodi*, 703 F.2d at 779. Dawson makes no showing that Pressley would not condition his offer to testify on the his case being tried first. Dawson's repeated observations that if Pressley and Dawson are tried together, Pressley will invoke his Fifth Amendment right not to testify at the joint trial indicate that he would condition his testimony on being tried first. If Pressley intends to invoke his Fifth Amendment privilege at a joint trial, then the court can think of no reason why he would waive the privilege by testifying at Dawson's trial in the event Dawson was tried first. *See Rogers v. United States*, 340 U.S. 367, 373 (1951) ("[W]here criminating facts have been voluntarily revealed, the [Fifth Amendment privilege against self-incrimination] cannot be invoked to avoid disclosure of the details.").

Nor has Dawson demonstrated the "exculpatory nature and effect" of the testimony. "The requirement that the movant establish the 'exculpatory nature and effect' of the co-defendant's testimony demands more than a 'vague and conclusory' statement of counsel of facts 'of purely cumulative or negligible weight or probative value;' the showing must be sufficiently definite for a determination by the trial court of the testimony's 'exculpatory nature and effect.'" *Parodi*, 703 F.2d at 780 (quoting *United States v. Butler*, 611 F.2d 1066, 1071 (5th Cir. 1980); *United States*

4

*v. Provenzano*, 688 F.2d 194, 199 (3d Cir. 1982), *abrogated on other grounds, In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300 (3d Cir. 2010)). As discussed, Dawson indicates that her family members provided the deposits. Assuming that Dawson's family members will testify that they provided the money, Pressley's self-interested denial that he laundered money through Dawson's bank account is of negligible weight, at best.

In addition, Dawson argues severance is required to prevent a conviction based on prejudicial spillover from evidence against her co-defendant. Dawson explains,

> First, Mr. Pressley is charged with multiple counts of drug trafficking over a greater period of time than Ms. Dawson is alleged to have been involved in criminal activity. Secondly, Mr. Pressley is charged with alleged money laundering in property and actions not involving Ms. Dawson and at unrelated times. To have [the] jury hear all the evidence related to Mr. Pressley's drug activity over approximately five years and to have a jury hear about Mr. Pressley's alleged other acts of money laundering will do nothing but cause Ms. Dawon to be lost in the myriad of actions in which only Mr. Pressley was invovled.

Mem. in Support of Mot. to Sever Trials [DE-57-1] at 6.

This is not a sufficient reason to sever the trials. The court assures Dawson that it will carefully instruct the jury that it is not to consider the evidence against Pressley when deciding Dawson's guilt. The court will also provide limiting instructions where appropriate. It is well established, as the Government points out, that the jury is presumed to follow its instructions. *Zafiro*, 506 U.S. at 541; *Richardson v. Marsh*, 481 U.S. 200, 211 (1987); *United States v. Mir*, 525 F.3d 351, 358 (4th Cir. 2008); *United States v. Brooks*, 957 F.2d 1138, 1145 (1992). As the United States Supreme Court has explained, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice [from a joint trial]." *Zafiro*, 506 U.S. at 539.

Dawson maintains that *Zafiro* requires severance in this case. The *Zafiro* Court observed that severance may be warranted where "evidence that the jury should not consider against a

5

defendant and that would not be admissible if a defendant were tried alone is admitted [in the joint trial] against a co-defendant." *Id.* Dawson argues that this case presents the exact scenario contemplated by the *Zafiro* Court. Dawson's argument is that the evidence regarding Pressley's drug charges and independent money laundering charges would not be admissible against her if she were tried alone, and that this evidence will lead the jury to conclude that Dawson is guilty based on the amount of evidence against Pressley. While the court agrees that the Dawson has made a showing of some moderate risk of prejudice based on this argument, the court nevertheless finds that the risk of prejudice is not so high that severance is required. *Id.* ("The risk of prejudice will vary with the facts in each case . . . . When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."). The court finds that limiting instructions will sufficiently cure any risk of prejudice that Dawson will be convicted on the basis of spillover evidence admitted against her co-defendant.

## CONCLUSION

For the foregoing reasons, Dawson's motion to sever is DENIED. This case remains scheduled for arraignment and trial during the court's August 5, 2013 term of court, and both defendants will be tried together.

SO ORDERED.

This, the ⸺ day of July 2013.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge